UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, <br>     Plaintiff, <br><br> v. <br><br> 4 SEASONS HOME HEATING AND AIR CONDITIONING, INC., <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:16cv311 <br> ) <br> ) <br> ) <br> ) |

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's Motion for Default Judgment. (Dkt. 8.) When no representative for defendant appeared at the hearing on July 22, 2016, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.[1]

I. INTRODUCTION

A. Background

Plaintiff is the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("plaintiff" or "the Fund"), which is a multiemployer pension plan within the meaning of 29 U.S.C §§ 1002 and 1301. (Compl. ¶ 4; Shaw Decl. ¶ 2.) Defendant,

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's Motion for Default Judgment ("Mot. Default J.") (Dkt.8), the Memorandum of Points and Authorities in Support of Plaintiff's Motion for Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 9), the Declaration of Walter Shaw ("Shaw Decl.") (Dkt. 10), the Declaration of David Mohl ("Mohl Decl.") (Dkt. 11), and all attachments and exhibits submitted with those filings.

1

4 Seasons Home Heating and Air Conditioning, Inc., is a Washington corporation and an employer in an industry affecting commerce that does business with plaintiff. (Compl. ¶¶ 7-8.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association Local Union No. 66. (Id. at ¶¶ 10-11; Shaw Decl. ¶ 5; Mem. Supp. Mot. Default J. 2-3.) Defendant agreed to abide by the terms of that agreement and the Declaration of Trust establishing the Fund. (Compl. ¶ 12; Shaw Decl. ¶ 6; Mem. Supp. Mot. Default J. 3.)

Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, which governs suits among parties to enforce provisions of their multiemployer pension plan. (Compl. ¶¶ 1, 5; Mem. Supp. Mot. Default J. 1-2.) Plaintiff seeks an unpaid exit contribution, interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA and the collective bargaining agreement. (Compl. ¶ 18; Mot. Default J. 2; Mem. Supp. Mot. Default J. 4-6.)

### B. Jurisdiction and Venue

Jurisdiction and venue over ERISA cases such as this are conferred upon the Court by 29 U.S.C. §§ 1132 and 1145. Under Sections 502 and 515 of ERISA, an action may be brought in any district court of the United States in which the relevant

benefit plan is administered, where the alleged breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). In this case, jurisdiction and venue are proper because the Fund is administered in this District. (Compl. ¶ 6; Shaw Decl. ¶ 2.)

This Court has personal jurisdiction over defendant pursuant to the decision in Board of Trustees, Sheet Metal Workers' National Pension Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiff that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred from transactions with plaintiff's office in this district. (Mem. Supp. Mot. Default J. 2.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. On April 13, 2016, plaintiff's private process server served defendant by delivering a copy of the Complaint and Summons to Mike Mattilla, President, who is authorized to accept service of process on behalf of defendant 4 Seasons Home Heating and Air Conditioning, Inc., at 23209 58th Street E, Buckley, Washington 98321. (Dkt. 4.) Therefore, service was proper under Federal Rule of Civil Procedure 4(h) and under 29 U.S.C. § 1132(e)(2),

3

which provides that process may be served in any district where a defendant resides or may be found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On June 13, 2016, the Clerk of this Court entered default as to defendant pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55(a). (Dkt. 6.) On June 16, 2016, the Honorable T.S. Ellis, III ordered that plaintiff file a prompt Motion for Default Judgment. (Dkt. 7.) Plaintiff filed a Motion for Default Judgment on July 13, 2016. (Dkt. 8.) The undersigned held a hearing on plaintiff's Motion on July 22, 2016, at which no representative for defendant appeared. (Dkt. 13.)

## II. FINDINGS

Based on the Complaint, plaintiff's Motion for Default Judgment and the supporting Memorandum, the Declaration of Walter Shaw, the Declaration of David Mohl, and the documents submitted in proof of damages and attorneys' fees, the undersigned makes the following findings of fact.

Defendant is a Washington corporation with its principal place of business in Buckley, Washington, and is an employer in an industry affecting commerce within the meaning of ERISA. (Compl. ¶¶ 7-8.) Defendant owes certain obligations to plaintiff pursuant to the collective bargaining agreement with Sheet Metal

4

Workers' International Association Local Union No. 66 and the Declaration of Trust ("the Trust Document") (collectively "the Agreements") to which defendant is accordingly bound. (Id. at ¶¶ 10-12; Shaw Decl. ¶¶ 5-6; Mem. Supp. Mot. Default J. 2-3.)

The Agreements require defendant to pay monthly contributions to the Fund on behalf of covered employees and to submit monthly remittance reports. (Compl. ¶¶ 11-12; Shaw Decl. ¶¶ 5-6; Mem. Supp. Mot. Default J. 2-3.) On March 1, 2015, the Fund determined that a "triggering event" occurred for defendant, as defined by the Trust Document, thereby requiring an exit contribution.[2] (Compl. ¶ 14; Shaw Decl. ¶ 7, Ex. 2; Mem. Supp. Mot. Default J. 3.) As a result of the triggering event, the Fund determined that defendant incurred an exit contribution in the amount of $13,493.62, calculated pursuant to the Trust Document. (Compl. ¶ 15; Shaw Decl. ¶ 8, Ex. 2; Mem. Supp. Mot. Default J. 3.)

On February 13, 2016, defendant received a Notice and Demand for payment of the exit contribution, which notified defendant that its exit contribution was $13,493.62 and that this amount was to be paid no later than the twentieth of the

---

[2] Article V, Section 6 of the Trust Document states that the Fund, in its sole discretion, may impose an exit contribution on any employer who has a triggering event on or after January 1, 2003. (Shaw Decl. Ex. 2.) The Trust Document defines a triggering event as when an employer's contribution rate significantly declines or the employer ceases to have an obligation to contribute to the Fund on some or all of its employees, but is not required to pay any withdrawal liability under Title IV of ERISA as a result. (Id.)

5

month following the month in which the Fund made the exit contribution assessment. (Compl. ¶ 16; Shaw Decl. ¶ 9, Ex. 3; Mem. Supp. Mot. Default J. 3.) Defendant has failed, however, to pay any portion of the exit contribution to the Fund. (Compl. ¶ 17; Shaw Decl. ¶ 10; Mem. Supp. Mot. Default J. 3.) Therefore, pursuant to the Agreements and Sections 515 and 502(g)(2) of ERISA, plaintiff is entitled to recover the unpaid contribution, as well as interest, liquidated damages, and reasonable attorneys' fees and costs.

### A. Contributions and Fees

Under ERISA and the Agreements, the Fund may recover the following: (1) the full amount of the unpaid contribution; (2) interest on the unpaid contribution calculated at the rate of 0.0233% per day, compounded daily; (3) liquidated damages in an amount equal to the greater of (i) interest on the delinquent contribution, or (ii) 20% of the unpaid contribution; and (4) reasonable attorneys' fees and costs incurred by the Fund in pursuing the delinquent amount. (Compl. ¶ 18; Shaw Decl. Ex. 2; Mem. Supp. Mot. Default J. 4-6.) Accordingly, defendant is liable to plaintiff for the exit contribution in the amount of $13,493.62, interest on the exit contribution, calculated from the date due through July 12, 2016, in the amount of $362.98, and liquidated damages in the amount of $2,698.72. (Shaw Decl. ¶ 11, Ex. 4; Mot. Default J. 2; Mem. Supp. Mot. Default J. 5-6.)

6

### B. Attorneys' Fees and Costs

Plaintiff also requests attorneys' fees and costs in the amount of $2,322.76. (Mohl Decl. ¶¶ 5-6, Ex. 1; Mot. Default J. 2; Mem. Supp. Mot. Default J. 6; Compl. ¶ 18.) This amount is based on $1,876.50 in attorneys' fees, comprised of 1.3 hours of labor by attorney David Mohl at a rate of $250.00 per hour and 10.7 hours of labor by legal assistant Shane Savitsky at a rate of $145.00 per hour. (Mohl Decl. ¶ 5, Ex. 1.) The above total also includes $446.26 in costs. (Id. at ¶ 6, Ex. 1.) In support of this request, plaintiff submitted the Declaration of David Mohl, which attached an itemized chart of the legal services performed and fees incurred. (Dkt. 11.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. RECOMMENDATION

The undersigned recommends that default judgment should be entered against defendant in favor of plaintiff. The undersigned recommends that plaintiff should recover from defendant a total of $18,878.08, consisting of $13,493.62, the unpaid exit

7

contribution, $362.98 in interest calculated at the rate of 0.0233% per day, compounded daily, from the date due through July 12, 2016, $2,698.72 in liquidated damages, and $2,322.76 in attorneys' fees and costs.

IV. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at the following address:

4 Seasons Home Heating and Air Conditioning, Inc.
c/o Mike Mattilla, President
23209 58th Street E
Buckley, WA 98321

                                                      /s/
                                  Theresa Carroll Buchanan
                                  United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

August 18, 2016
Alexandria, Virginia

9